UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 14-60026-ROSENBAUM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

HEATHER BENNETT,

        Defendant.
_____/

**ORDER DENYING MOTION FOR SEVERANCE**

This matter is before the Court upon Defendant Heather Bennett's Motion for Severance [ECF No. 94]. The Court has carefully considered Defendant's Motion, all supporting and opposing filings, and the record. For the reasons set forth below, the Court now denies Defendant's Motion for Severance.

*I. Background*

On January 28, 2014, a grand jury returned an Indictment against Defendant Heather Bennett and Codefendants Srdjan Jovcic, Goran Bjelovic, Brank Likic, and Ljiljana Aleksic. *See* ECF No. 3. The Indictment contains seven counts, but only one against Defendant Bennett.

Bennett is charged along with Codefendants Jovcic and Likic in Count Seven, which alleges that from August 2010 through the date of Indictment, Bennett, Jovcic, and Likic engaged in a conspiracy to commit fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546, and marriage fraud, in violation of 8 U.S.C. § 1325(c), all in violation of 18 U.S.C. § 371. *See id.* at Count Seven. The Indictment further avers that the purpose of the alleged

conspiracy was for Codefendant Likic to falsely obtain and maintain legal status in the United States. *See id.* at Count 7, ¶ 3. According to the other allegations in the Indictment, Jovcic assisted Bennett and Likic in entering into a fraudulent marriage to provide Likic with legal status in the United States, and, in furtherance of the conspiracy, Bennett, Jovcic, and Likic provided false statements regarding material facts, under penalty of perjury, to United States Citizenship and Immigration Services. *See id.* at Count 7.

As for the other counts of the Indictment, in addition to being charged in Count Seven, Jovcic is also charged in Counts One through Four. *See* ECF No. 3. In Counts One through Three, respectively, the Indictment alleges that on three separate occasions between April 24, 2009, and August 10, 2011, Jovcic possessed and used a United States passport, knowing it to have been obtained fraudulently through marriage fraud and concealment of prior arrest and conviction history, in violation of 18 U.S.C. § 1546(a).

Similar to Count Seven against Jovcic, Bennett, and Likic, Count Four charges Jovcic, Bjelovic, and Aleksic with conspiracy from August 2010 through June 30, 2013, to commit fraud and misuse of visas, permits, and other documents, in violation of 18 U.S.C. § 1546(a), and marriage fraud, in violation of 8 U.S.C. § 1325(c), all in violation of 18 U.S.C. § 371. Also like Count Seven, Count Four charges that the purpose of the conspiracy was for a Codefendant (this time, Bjelovic) to falsely obtain and maintain legal status in the United States. *See* ECF No. 3 at Count Four, ¶ 3. Count Four likewise contends that Jovcic assisted the two Codefendants (Bjelovic and Aleksic) in entering into a sham marriage and that in furtherance of the conspiracy, Jovcic and the other Codefendants all provided false statements regarding material facts, under penalty of perjury, to United States Citizenship and Immigration Services. *Id.* at Count Four, ¶ 5.

Besides being charged in Count Four, Bjelovic is also charged in Counts Five and Six with twice having possessed and used a Form I-512, Authorization for Parole of An Alien in the name of Goran Bjelovic, knowing it to have been procured fraudulently through marriage fraud and concealment of prior arrest and conviction history, in violation of 18 U.S.C. § 1546(a). *See* ECF No. 3 at Counts Five and Six.

Following arraignment, Defendant Bennett filed the pending Motion for Severance, asserting that joinder of Bennett's case with the other counts alleged in the Indictment violates Rule 8(b), Fed. R. Crim. P., "because the counts do not allege participation in the same act or series of acts constituting an offense or offenses," and even if joinder is permissible under Rule 8(b), Bennett's case should be severed from the rest "because joinder of [Counts One through Six with Count Seven] unduly prejudices Ms. Bennett far in excess of any judicial economy in a joint trial." ECF No. 94 at 1.

The Government opposes Bennett's Motion for Severance. *See* ECF No. 99. In furtherance of its position, the Government contends that joinder of all Defendants is proper under Rule 8(b), Fed. R. Crim. P., because all Defendants "are alleged to have participated in the same series of acts or transactions, constituting an offense or offenses." *Id.* at 4. Nor has Bennett satisfied her burden to establish that she is entitled to a severance under Rule 14, Fed. R. Crim. P., according to the Government. *Id.* at 9-19.

## II. Analysis

**A.  Rule 8(b), Fed. R. Crim. P.**

Rule 8(b) sets for the requirements for joinder of defendants. It provides,

> The indictment . . . may charge 2 or more defendants if they are

> alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Here, the Government defends joinder based on its contention that Bennett and her Codefendants all participated in the same series of acts or transactions. In support of its position, the Government points to *United States v. Hill*, 643 F.3d 807 (11th Cir. 2011). In *Hill*, the indictment charged three "separate and distinct conspiracies," and the appellant had been implicated in only one of those three conspiracies. Although the other two conspiracies differed in time, in some of the participants, and in factual details, the Eleventh Circuit upheld joinder because "each of the charges arose out of [the lead defendant's] master scheme to defraud lenders through a common plan and design. The fact that [the lead defendant] used a different set of actors to perform the three acts of his play did not transform it into three different plays." *Id.* at 829.

This case is materially indistinguishable. In both cases, the lead defendant (here, Jovcic) was or is charged with engaging in multiple executions of a master scheme with a common purpose through the use of a common plan and design. Whereas the *Hill* lead defendant defrauded lenders, Jovcic is alleged to have orchestrated or enabled three groups of marriage-fraud-related offenses for the purpose of fraudulently obtaining and maintaining legal status in the United States for himself and his associates: (1) Jovcic's alleged own use of a United States passport obtained in part through marriage fraud; (2) Bjelovic and Aleksic's alleged fraudulent marriage and subsequent obtaining and use of legal status and immigration documents based on the fraudulent marriage; and (3) Bennett and Likic's alleged fraudulent marriage and subsequent attempts to obtain legal status based on the fraudulent marriage. So, as in *Hill*, each of the charges in this case arises out of the lead defendant's

alleged overarching scheme to defraud the United States regarding legal status through a common plan and design based on marriage fraud. As a result, Jovcic's alleged employment of different actors to defraud the United States in essentially the same way in three different groups of actions does not require severance under Rule 8(b) for Bennett any more than the lead defendant in *Hill*'s use of different individuals to accomplish his master plan of defrauding lenders in three separate conspiracies did for the *Hill* appellant.

### B.  Rule 14, Fed. R. Crim. P.

Although Rule 8 may permit counts satisfying the rule's standards to be joined, Rule 14, Fed. R. Crim. P., empowers the district court to exercise its discretion to sever otherwise properly joined counts when the court concludes that "the joinder of offenses . . . for trial appears to prejudice a defendant or the government. . . ." To determine whether a severance should be granted, the trial court "must balance the right of the defendant to a fair trial against the public's interest in the efficient and economic administration of justice." *United States v. Simon*, 839 F.2d 1461, 1472 (11th Cir. 1988) (considering motion for severance of defendants).

In conducting this analysis, the district court must grant a motion for severance only where denial would "'result[] in compelling prejudice against which the district court [can] offer[] no protection.'" *United States v. Dowd*, 451 F.3d 1244, 1249 (11th Cir. 2006) (quoting *United States v. Hersh*, 297 F.3d 1233, 1244 (11th Cir. 2002)). Indeed, the Supreme Court has opined that a district court should grant a severance under Rule 14 "only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence. *Zafiro v. United States*, 506 U.S. 534, 539 (1993). For this reason, the mere fact that a defendant may have a better chance at a separate trial does not

warrant a severance. *Id.* (citations omitted). In short, the federal system prefers joint trials of defendants who are indicted together. *Id.* at 537. Joint trials "promote efficiency and 'serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts." *Id.* (citation omitted).

Despite this preference, however, four types of prejudicial joinder can require a severance, although courts "rarely grant[]" severances on any of these bases:

> (1) Where the Defendants rely on mutually antagonistic defenses. . . .
>
> (2) Where one Defendant would exculpate the moving Defendant in a separate trial, but will not testify in a joint setting. . . .
>
> (3) Where inculpatory evidence will be admitted against one Defendant that is not admissible against the other. . . .
>
> (4) Where a cumulative and prejudicial "spill over" effect may prevent the jury from sifting through the evidence to make an individualized determination as to each Defendant. . . .

*United States v. Chavez*, 584 F.3d 1354, 1360-61 (11th Cir. 2009) (internal citations omitted).

Here, Bennett essentially argues the third and fourth bases for severance. In particular, Bennett complains,

> [I]f the Government is permitted to try Ms. Bennett in conjunction with another couple alleged to have engaged in a sham marriage initiated by the same individual (Mr. Jovcic) who is alleged to have participated in the introduction between her and Mr. Likic, the spillover prejudice will be insurmountable. The fact that Mr. Jovcic may have facilitated a sham marriage between another couple in an unrelated conspiracy has no relevance to whether Ms. Bennett's marriage is a sham, but when presented with evidence that Mr. Jovcic has acted as an illegal marriage broker for others, the jury will not be able to separate that evidence and the spillover effect will be substantial. . . .

> This prejudice will be further compounded by allegations that Mr. Jovcic has committed entirely unrelated fraud relating to his own passport and immigration status (as charged in Count One). . . . The problem is not merely that Ms. Bennett is not charged in the other Counts; it is that she has no relation to them at all.

ECF No. 94 at 7.

With regard to the third and fourth bases for severance, the Supreme Court has observed that a "serious risk that a joint trial would . . . prevent the jury from making a reliable determination about guilt or innocence" may occur "when evidence that the jury should not consider against a defendant and that would not be admissible if a defendant were tried alone is admitted against a codefendant." *Zafiro*, 506 U.S. at 539. More specifically, the Supreme Court has explained, such a risk happens if "evidence of a codefendant's wrongdoing in some circumstances erroneously could lead a jury to conclude that a defendant was guilty." *Id.*

Not just any evidence admissible against a codefendant that is not admissible against a defendant seeking severance will support a severance, though. A defendant does not endure "compelling prejudice" justifying a severance merely because "much of the evidence at trial is applicable only to [her] codefendants." *United States v. Alvarez*, 755 F.2d 830, 857 (11th Cir. 1985) (citation omitted). To the contrary, the Eleventh Circuit has recognized that "[a] joint trial is necessarily going to involve some degree of prejudice." *United States v. Morales*, 868 F.2d 1562, 1572 (11th Cir. 1989). Therefore, the court must consider whether the prejudice to a defendant outweighs the public's interest in the joint trial. *Id.* In evaluating this issue, the court must determine whether the prejudice resulting from a joint trial is "clearly beyond the curative powers of a cautionary instruction." *Alvarez*, 755 F.2d at 857 (citation and internal quotation marks omitted).

In this case, the judicial economy considerations in a joint trial of Count Seven with the other counts of the Indictment are not nominal. First, the Government has proffered that it intends to present some of the same testimony and evidence to prove Count Seven as it does to prove the other counts of the Indictment. *See* ECF No. 99 at 18. This evidence relates to the "numerous immigration forms and procedures, and testimony concerning wiretap conversations." *Id.* Thus, a single trial prevents the calling of witnesses and presentation of evidence—and the corresponding costs of doing that—from being duplicated unnecessarily. In addition, the Government has indicated its intention to seek admission of evidence relating to Counts One through Three as Rule 404(b), Fed. R. Evid., with regard to Count Seven to prove Jovcic's intent, preparation, plan, knowledge, identity, absence of mistake, and lack of accident concerning his alleged participation in Count Seven.[1] If that evidence were to be admitted, it, too, would have to be presented at two different trials.

Second, holding two trials would require the services of the Serbo-Croatian interpreters for a longer period and would obviously necessitate the empaneling of two juries. In addition to the extra costs of bringing the same witnesses to trial twice and the costs of empaneling a second jury, the additional interpreter services—regarding a somewhat limited pool of potential interpreters—would further stress Court resources.

But financial imposition on the Court is certainly not the determining factor in this analysis, and the economies to be gained by trying Count Seven with the remaining counts of the Indictment must be weighed against the harm to Bennett that would result from a joint trial. Bennett argues that

---

[1] The admissibility of such evidence is not currently before the Court, and the Court expresses no opinion at this time regarding that issue.

she will suffer compelling prejudice as a result of the admission at her trial of evidence from the counts against Jovcic only (Counts One through Three) and the counts relating to Bjelovic, Jovcic, and Aleksic (Counts Four through Six). With regard to evidence pertaining to Counts One through Three, as noted above, the Government has expressed its intention to seek admission of that evidence, anyway, against Jovcic to show intent, plan, and lack of evidence with regard to the charges in Count Seven. If that evidence is deemed admissible against Jovcic as to Count Seven, severing Counts One through Three from Count Seven will not prevent that evidence from coming in during trial of Count Seven. As a result, it is unclear at best that trial of Counts One through three with Count Seven would save Bennett the introduction of this evidence.

As for Counts Four through Six, the Court agrees with Bennett that trying those counts with Count Seven could result in some prejudice to Bennett, as the Government does not suggest that any of the evidence applicable to Counts Four through Six might be relevant to Count Seven. But severance under Rule 14 generally should be granted only when evidence admissible against a single defendant is "so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants." *United States v. Blankenship*, 382 F.3d 1110, 1124 (11th Cir. 2004). The Eleventh Circuit has previously described such circumstances as occurring when "there is an overwhelming probability that the jury will be unable to follow the court's instructions and the evidence is devastating to the defense." *Id.* (citation and internal quotation marks omitted). In turn, evidence "of a gruesome, powerful, or essentially dispositive type" may satisfy this standard. *Id.* at 1124 n.25. Similarly, an "extremely narrow range of cases" marked by large numbers of defendants and charges with different applicable standards of proof and culpability, along with a "massive volume of evidence" also qualify for severance under this

standard. *Id.*

If the irrelevant evidence from the jointly tried count or counts does not meet this standard, a curative instruction is generally deemed sufficient to address any prejudice resulting from joinder of the counts. *See United States v. Lopez*, 649 F.3d 1222, 1234-35 (11th Cir. 2011) (citations omitted). Indeed, in the Eleventh Circuit, "the strong presumption is that jurors are able to compartmentalize evidence by respecting limiting instructions specifying the defendants against whom the evidence may be considered." *United States v. Blankenship*, 382 F.3d at 1123.

Here, the parties have pointed to nothing to indicate that any of the evidence relating to Counts Four through Six is "gruesome, powerful, or essentially dispositive." *See Blankenship*, 382 F.3d at 1124. Nor is this a case involving a huge number of defendants, differing standards of proof and culpability, or mountains of evidence. To the contrary, the case involves a total of five Defendants, charges seven counts, and alleges violations under only three laws. Under these circumstances, the Court cannot conclude that an appropriate limiting instruction will not cure any prejudice to Bennett resulting from a joint trial of all seven counts. As a result, the Motion for Severance is properly denied under Rule 14.

### *III. Conclusion*

For the foregoing reasons, Defendant Heather Bennett's Motion for Severance [ECF No. 94] is **DENIED**.

**DONE AND ORDERED** at Fort Lauderdale, Florida, this 29th day of April 2014.

ROBIN S. ROSENBAUM
UNITED STATES DISTRICT JUDGE

copies:	Counsel of Record